IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADAM HERNANDEZ, #2378872,<br>　　　　Plaintiff, | )<br>) |
| vs. | ) No. 3:22-CV-1121-G-BH<br>) |
| B. SMITH, Warden,<br>　　　　Defendant. | )<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

Adam Hernandez (Plaintiff) was an inmate in the Texas Department of Criminal Justice when his one-sentence handwritten filing, which was directed to the warden of his prison unit, was received on May 19, 2022.  (*See* doc. 3.)  He claimed that he had received his property, but a few things were missing. (*Id.*)

By *Notice of Deficiency and Order* dated May 23, 2022, Plaintiff was notified that if he intended to assert any civil rights claims under 42 U.S.C. § 1983 against the warden, he must complete and return the enclosed form for civil rights actions under § 1983. (*See* doc. 4.) He was also advised that he must either pay the full $402 filing fee[2] for a non-habeas civil action or submit an a motion to proceed *in forma pauperis* (IFP) with the required certificate of inmate trust account within thirty (30) days. (*Id.*)

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  A $52  administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*.  *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account.  *See id.*  The $52 administrative fee will not be deducted. *Id.*

Well more than thirty days from the date of the order have passed, but Plaintiff has not filed a completed § 1983 form, paid the filing fee, filed an IFP motion, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Plaintiff was given thirty days to file a completed § 1983 form and to either pay the applicable filing fee or file an IFP motion. The notice of deficiency and order specifically warned that failure to comply could result in the dismissal of his case, but he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his case should be dismissed.

## III. RECOMMENDATION

This case should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Plaintiff files a completed § 1983 form and either pays the applicable filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 18th day of August, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE